NO. _____

**IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS**

| | | |
|---|---|---|
| **ERIK SANTANA GUANCHE** | § | **DEFENDANT-APPELLANT** |
| | § | |
| **V.** | § | |
| | § | |
| **THE STATE OF TEXAS** | § | **PLAINTIFF-APPELLEE** |

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

---

**NO. 01-13-00851-CR
IN THE COURT OF APPEALS FOR THE FIRST DISTRICT**

---

**CAUSE NO. 1869024
IN HARRIS COUNTY CRIMINAL COURT AT LAW NO. 7**

**J. Ricardo Soliz and Associates, P.L.L.C.**

**Rick Soliz
Attorney at Law
Texas Bar Number 00785013
P.O. Box 4051
Houston, Texas 77210
713-228-1900
jrsoliz@att.net**

**PRO BONO ATTORNEY FOR
APPELLANT**

i

# TABLE OF CONTENTS

Index of Authorities                                    ii

Statutes and Rules                                      ii

Statement Concerning Oral Argument                      ii

Statement of the Case                                   iii

Procedural History                                      iv

Issues Presented                                        5

Argument                                                5

Statement of Fact                                       5

Issue One                                               8

Issue Two                                               9

Conclusion and Prayer                                   13

Certificate of Compliance                               13

Certificate of Service                                  **13**

## INDEX OF AUTHORITIES

## STATUTES AND RULES

Government Code Sec. 57.022                             10

Government Code Sec. 57.049                             10

**STATEMENT CONCERNING ORAL ARGUMENT**

The appellant requests oral argument because of the importance of the issue presented concerning whether a sitting judge may disregard Texas law with impunity in the interest of efficiency and to the detriment of the indigent or racial and ethnic minority defendants.

**TO THE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

Appellant herein, by and through his attorney, Rick Soliz**,** and pursuant to TEX. R. APP. P. 68 files this petition for discretionary review and in support thereof, would show the Court as follows:

Erik Santana Guanche **,** Appellant in the above entitled and numbered cause, respectfully requests that this court reverse the ruling, dated December 16, 2014, of the First Court of Appeals, thereby reversing the judgment in the trial court, and removing the Honorable Pam Derbyshire, Judge of Harris County Criminal Court Number Seven from all proceedings associated from the case including any hearings, trial, supervisory function during any possible community supervision, or jurisdiction within 30 days after any plea bargain of incarceration that concludes the case.

# I. STATEMENT OF THE CASE

Erik Santana Guanche **,** Appellant in the above entitled and numbered cause, filed a Motion to Recuse the Honorable Pam Derbyshire, Harris County Criminal Court Number Seven.  Such motion was "Denied without hearing" by the Honorable Olen Underwood, Presiding Judge of the Second Administrative Judicial Region of Texas.  A one page form ORDER was signed and submitted to the County Clerk of the Court and is contained in the Clerk's short record. Statements in the Order are contradicted by facts and statements in the body of the Motion to Recuse.  A subsequent and timely filed Motion to Recuse the Administrative Judge from hearing a Motion for Reconsideration pending before the Administrative Judge was ignored by the Administrative Judge.   It is also in the clerk's record.

## II. PROCEDURAL HISTORY

Appellant, represented by his pro bono attorney of record on appeal, pled guilty to the offense of driving while intoxicated on July 2, 2013. The trial court assessed punishment at 15 days confinement in the county jail.  A motion for new trial and notice of appeal were timely filed.  The court of appeals affirmed Appellant's conviction in an unpublished opinion issued on December 16, 2014.  A copy is

attached as Appendix A. A motion for rehearing and motion for reconsideration en banc were filed and denied on January 15, 2015 and March 17, 2015 respectively.

This Court granted Appellant an extension of time until March 19, 2015, to file this petition.

## III. ISSUES PRESENTED

1. Whether the trial court erred in refusing to recuse itself after multiple open court efforts by the court to have defense counsel violate Texas criminal law by interpreting without the required license, for a defendant, before the court on issues of bail, and whether the Presiding Judge of the Administrative Region erred in denying the related Motion to Recuse.

2. Whether appellant's due process rights were violated by appearing before a court hostile to his race, and that has violated Texas criminal law hundreds of times by promoting unlicensed language interpretation in formal court proceedings.

## ARGUMENT

## A. STATEMENT OF FACTS

Harris County Criminal Court Number Seven utilizes illegal procedures regarding the interpretation of the Spanish foreign language for defendants brought

before the court. This has the effect of disproportionally affecting mostly indigent and minority defendants. It is a Class A misdemeanor to interpret before the court without the appropriate license. For well over 10 years, in contravention of multiple laws and under the risk of creating perpetuating criminal prosecutions, Harris County judges including Court Seven, have supervised and promoted illegal interpreting by both appointed and retained counsel, sheriff deputies of earlier administrations, assistant district attorneys, court staff, anyone bilingual who happens to be around and even bilingual judges themselves. Many law violating actors, since then, have risen to other appointed and elected positions and continue to perpetuate these crimes. No one has been prosecuted or arrested. The courts pay appointed attorneys extra public money to violate the law by interpreting without the approved licenses as well and by supplementing and enhancing attorney income on pay vouchers for such illegal interpreting . Those appointed attorneys who refuse to interpret without a license run the very real risk of not being called upon again to earn pay in those courts while serving the indigent.

These facts and similar events affecting the indigent and racial minorities repeatedly occur in this Court and all 15 Harris County misdemeanor courts in spite of *Tex. Code Crim. Pro.* Art. 38.30 requirements to provide an interpreter at County expense, Attorney General Opinions, the Texas Government Code, Fair Defense Act

requirements  (this judge is bound by Harris County's selected alternative plan that clearly states licensed interpreters are available 24 hours – this statement is false, but if it is not, such interpreters are rarely utilized even upon request), antitrust law, due process violations, State Bar ethical rules regarding effective assistance of counsel and violations regarding conflicts and violations of law, equal protection laws, the Americans with Disabilities Act, Civil Rights law under Title VI of the Civil Rights Act of 1964, conspiracy laws, potential appellate reversals, whistleblower laws and requirements under Harris County's own recent settlement agreement, after litigation, with the Texas Civil Rights Project.

Such settlement agreement requires this judge to provide interpreters upon request.  Yet there has never been a uniform, formal system in place to utilize licensed and legal interpreters whether they are requested or not.  In the rare circumstance an interpreter is requested and actually scheduled, it is only after requesting counsel is chastised, rebuked, threatened or otherwise ridiculed.  By contrast, the 22 Harris County criminal District Courts in the same building currently have licensed interpreters available immediately and at all times for all Courts.  Such plan was implemented after years of violating Texas law in most of those courts a well, not out of a sense of justice, but because of appellate reversal(s).

Additionally, unlicensed interpreters are not sworn prior to interpreting as required. There are various reasons licensed interpreters are required, but immigrants in particular require them to ensure an understanding of, for example, the potential consequences of a guilty plea. It is too easy for an unlicensed, biased (for example, biased because of the want of additional court pay and future court appointments) interpreter to skim over or leave out altogether immigration consequences and warnings, even before the bench. In many instances, the court is clueless as to what occurred before the bench.

Finally, it goes without saying that these facts expose a highly hypocritical, paradoxical daily occurrence - criminal law violations, sponsored by the trial judge in open court in front of a police officer (bailiff) and representatives of the district attorney's office on every occurrence. And another oddity: the District Clerk's office resisted efforts to make sure the documents in this trial case were available on the internet to the public just like any other case.

## B. ISSUE ONE

The Texas Rules of Civil Procedure, which apply to Texas criminal case recusals, state the situations in which a trial judge should be recused from presiding over a particular case. In this case, the trial judge should be recused from presiding because: in light of the illegalities, the trial judge's impartiality may reasonably be

questioned, the trial judge has a personal bias prejudice concerning all subject matter, when a Spanish speaker is involved, defense counsel, or a party, and the judge has no regard for Texas law, thus leading to a strong appearance of impropriety.

## C. ISSUE TWO

It is also a due process violation of the Constitutions of this country and state to fail to provide a licensed interpreter. Such is because failing to do so violates Texas civil and criminal laws as well as federal laws. This judge has placed efficiency (more and faster guilty pleas), and cost (of a licensed interpreter) over sound law. How can a judge who does not know right from wrong, legal from illegal interpreting, or is indifferent to such, sit in judgment in a fair and impartial manner for any indigent or minority member of society. Many in both categories require interpreters, and the defendant here, a minority, has been exposed to this systematic illegal activity all around him and at every court setting and is at risk of related system deficiencies which by their nature discriminate against him, as a Hispanic. Who is it that requires interpreters the great majority of the time? It is Hispanics, of whom defendant is. As an aside, but a point that should be considered: not one of the 15 criminal county judges is Hispanic surnamed and none is a Hispanic male. When one compares that to the percentage of Hispanics and Hispanic males and the racial makeup of Harris County, it is an abysmal statistic…..one that "piles on" this

defendant additional unfairness on top of the fact that the judges cannot seem to abide by existing law regarding Hispanic defendants and interpreters.  In other words, it's hard enough to get a fair shake when none of the appellant's minority peers are sitting in judgment, but then much harder when appellant cannot count on the system's units abiding by the mandatory laws that should guide them.  Such law violations cause problems on so many levels.  For example, how can certain justices or this district attorney's office be involved in appeals such as this and rule or argue impartially when they are or were once part of this very problem?

Additionally, in order to avoid criminal law penalties for many years, including well over half a decade while this trial judge sat hearing cases, **Texas Attorney General Opinions JC-0584 and JC-0579,** required interpreters to maintain certain licenses.  **Texas Government Code (Chapter 57),** which happens to be the essence of these Opinion(s), requires the interpreter maintain the appropriate interpreter license in order to be qualified to interpret for any Spanish speaker in any case.  Finally, a Defendant in a trial court requires a licensed interpreter so that counsel may render effective assistance of counsel.

Along those lines and of note is the fact that thousands of guilty pleas from those accused, for many recent years, were completed illegally in open court in Harris County, and this court, without licensed interpreters in direct violation of the

Texas Government Code and criminal law. Such violations were Class A misdemeanors on every occasion subject to jail time for up to one year. Not one interpreter or judge has been prosecuted for violations of criminal law during these years. In fact, some judges authorized extra payment to court appointed counsel in many instances to interpret and violate such criminal law and the Constitutions of this land. The judge of this court has violated multiple civil and criminal laws for many years. The motion to recuse should have been granted when counsel filed such on the basis, among other things, that he was being drawn into the criminal conspiracy, that occurs daily, against his will.

The Department of Assistive and Rehabilitative Services certifies Texas interpreters. Sec. 57.022 of the Government Code states: The department shall certify an applicant who passes the appropriate examination prescribed by the department and who possesses the other qualifications required by rules adopted under this subchapter.

(b) The executive commissioner of the Health and Human Services Commission by rule shall provide for:
    (1) the qualifications of certified court interpreters;
    (2) training programs for certified court interpreters each of which is managed by the department or by a public or private educational institution;
    (3) the administration of examinations;
    (4) the form for each certificate and procedures for renewal of a certificate;

(5) the fees for training, examinations, initial certification, and certification renewal;

(6) continuing education programs under this subchapter;

(7) instructions for the compensation of a certified court interpreter and the designation of the party or entity responsible for payment of compensation; and

(8) administrative sanctions enforceable by the department.

Sec. 57.049 of the Government Code states: PROHIBITED ACTS. A person may not advertise, represent to be, or act as a licensed court interpreter unless the person holds an appropriate license under this subchapter.

Sec. 57.050 states (a) A person commits an offense if the person violates this subchapter or a rule adopted under this subchapter. An offense under this subsection is a Class A misdemeanor. The Texas Law of Parties implicates the judge as if illegally interpreting himself/herself.

Therefore, thousands of Class A misdemeanors have been committed in open court for years in Harris County. Each court generally disposes of several cases per day that require a licensed interpreter. This takes into consideration plea bargains only and not all other formal proceedings before the bench.

Regarding the ruling from the Administrative Judge of the Region, his ruling as described in Appellant's "Motion For Reconsideration Of Denial of Defendant's Motion to Recuse Trial Judge Pam Derbyshire" that is part of the trial court's record, has absolutely has no rhyme or reason and does not apply to the

facts in the original Motion to Recuse at all. It is as if some form was used to try and apply boiler plate language to this case. While appellant has no yearning to make efforts to police the judiciary, particularly since his camp is not being paid, like every other person dealing with this document, something must be done since things have gotten completely out of hand when laws are flouted in open court daily by public servants on the public payroll. Someone must do something and the dozens of public officials (and their attorney), and the many government employees who witness this crime do nothing but perpetuate it.

**CONCLUSION AND PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Appellant prays that this Court grant discretionary review, order full briefs and oral argument and reverse the court of appeals.

**CERTIFICATE OF COMPLIANCE**

I certify that the above document consists of about 2,548 words.

/S/ _____
/S/ Rick Soliz

## CERTIFICATE OF SERVICE

I certify that the above document was served on the State of Texas by delivering copies, to the Harris County District Attorney's Office, 1201 Franklin, 6th Floor, Houston, Texas 77002 and the State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711 on this 19th day of March 2015.

Respectfully submitted,
J. Ricardo Soliz and Assoc., P.L.L.C.
/S/_____
/S/ Rick Soliz,
T.B.N. 00785013
P.O. Box 4051
Houston, Texas   77210
713-228-1900
jrsoliz@att.net
Pro Bono Attorney for Appellant



# JUDGMENT

# Court of Appeals

# First District of Texas

NO. 01-13-00851-CR

ERIK SANTANA GUANCHE, Appellant

V.

THE STATE OF TEXAS, Appellee

Appeal from the County Criminal Court at Law No. 7 of Harris County.
(Tr. Ct. No. 1869024).

This case is an appeal from the final judgment signed by the trial court on July 2, 2013. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that this decision be certified below for observance.

Judgment rendered December 16, 2014.

Panel consists of Chief Justice Radack and Justices Bland and Huddle. Opinion delivered by Justice Huddle.

Print this page

# Case # PD-0190-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 03/19/2015 11:38:33 PM |
| Case Number | PD-0190-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | |
| Firm Name | Individual |
| Filed By | Rick Soliz |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Rick Soliz |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | |
| Order # | |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | PDR |
| Reference Number | |
| Comments | PDR |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 03/20/2015 09:21:14 AM | The petition for discretionary review does not contain a copy of the court of appeals opinion. The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | Appellant's (Santana's) PDR.pdf | [Original] |
| *Attachments* | Judgmentof the Court 12-16-14.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Jessica Akins akins_jessica@dao.hctx.net | | EServe | Sent | Yes | 03/20/2015 08:52:13 AM |